**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-MJ-00176-NRN-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ROBERT EARL GLASPER III,

      Defendant.

---

**ORDER OF DETENTION**

---

THIS MATTER came before the Court for a detention hearing on October 29, 2021.

The government is requesting detention in this case.   The defendant contested detention. The probation Office recommends detention in its Bail Report.   Both sides offered argument beyond the contents of the bail report.   In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the

1

safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person including–
>
> > (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The defendant is charged with 49 U.S.C. § 46506(1) Sexual contact without permission within special aircraft jurisdiction & 18 U.S.C. § 2244(b); 49 U.S.C. § 46506(2) Lewd, indecent, obscene acts within special aircraft jurisdiction; and 49 U.S.C. § 46506(1)Simple assault within special aircraft jurisdiction & 18 U.S.C. § 113(a)(5).

The defendant is 26 years old.   He apparently has no job and no connections in Colorado. He has no permanent residence. He was arrested after committing acts on an airplane coming to Denver from California.   He has no apparent destination, telling different stories to the arresting agents and the interviewing Probation officer.   While in custody awaiting this detention hearing, he allegedly sexually assaulted his roommate and has made sexually inappropriate comments to female agents involved in his transport. The defendant has multiple alcohol-related convictions and his California driver's license was suspended due to "excessive blood alcohol level." He has a criminal history going back to the age of 12.   He has a criminal history with three felony convictions and two misdemeanors.   He was ruled mentally incompetent on September 2, 2021 in a California case, but then absconded from that matter and there is a warrant pending in California.   Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community or the Defendant's appearance at trial.   Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

3

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   October 29, 2021

BY THE COURT:

United States Magistrate Judge
N. Reid Neureiter

4