IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 2021CR365

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT EARL GLASPER III,

        Defendant.

_____

**MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**
_____

Robert Earl Glasper III, through counsel, moves to dismiss count three of the indictment, which alleges that Mr. Glasper committed simple assault, as the conduct alleged in the indictment fails to satisfy the elements of simple assault.

### I.    The Crime of Simple Assault Cannot Be Committed by a Mere "Offensive Touching."

Count three of the indictment alleges that Mr. Glasper, "while a passenger on Frontier Airlines flight 626, which landed in the District of Colorado, did assault another passenger on the plane (the "Victim") by the attempt of an unwanted, offensive touch." See Indictment, ECF No. 11. The Tenth Circuit's 2021 Pattern Criminal Jury Instructions define simple assault as "any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so." Instruction 2.09[1]. This

---

[1] Instruction 2.09 defines the elements for assaulting a federal officer under 18 U.S.C. § 111. The instruction states that all of the acts proscribed by this statute require proof of an underlying assault. The

1

definition was obtained from *United States v. Hathaway,* 318 F.3d 1001, 1008 (10th Cir. 2003), which stated the definition for simple assault under 18 U.S.C. § 113, and applied that definition to the crime of assaulting a federal officer, proscribed by 18 U.S.C. § 111. The conduct alleged in count three of the indictment, specifically, that he attempted "an unwanted, offensive touch", fails to satisfy this definition, and is therefore constitutionally insufficient.

"An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir. 1994). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* Even if true, count three of the indictment fails to sufficiently allege a violation of 18 U.S.C. § 113(a)(5), as it does not allege the essential elements of the crime charged. The count contains no allegation that Mr. Glasper either attempted or threatened to inflict injury upon anyone.

In *Hathaway,* the Tenth Circuit Court of Appeals recognized that its definition of simple assault is smaller than the larger category of crimes that qualify as assault. 318 F.3d at 1008. "Specifically addressing § 113, we have held that 'simple assault' 'is

---

instruction further clarifies that a finding of guilt for simple assault requires proof beyond a reasonable doubt "that the defendant intended to inflict or intended to threaten injury." There is no separate elemental instruction for simple assault.

committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.' *United States v. Joe,* 831 F.2d 218, 220 (10th Cir. 1987). However, such a definition of 'simple assault' is really nothing more than a non-exclusive recitation of what constitutes assault." *Id.*

Although "offensive touching" may fall within the larger definition of common-law assault, it is not a type of conduct proscribed by § 113(a). *United States v. Muskett,* 970 F.3d 1233, 1241 n. 9 (10th Cir. 2020). The court in *Muskett* expressly rejected the defendant's assertion that assault under § 113(a) can be committed by a mere "offensive touching" and stated, "we have long held that assault as used in § 113(a) requires an attempt or threat to 'inflict injury.'" *Id.* Therefore, regardless of whether offensive touching has been recognized as satisfying the common-law definition of assault in other contexts, count three of the indictment must still be dismissed because he cannot be convicted of simple assault as it has been defined in this Circuit on that basis.

Because count three of the indictment lacks specificity and fails to set forth the elements of the crime of simple assault, Mr. Glasper moves for dismissal of that count pursuant to Fed. R. Crim. P. 12(b)(3)(B)(ii), (iii), and (v) and this rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Kilie Latendresse
Kilie Latendresse
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kilie_Latendresse@fd.org
Attorney for Defendant

*s/ Stephanie Snyder*
Stephanie Snyder
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing **MOTION TO DISMISS COUNT THREE OF THE INDICTMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

 Andrea Surratt, Assistant United States Attorney
 Email: Andrea.Surratt@usdoj.gov

 Melissa Hindman, Assistant United States Attorney
 Email: Melissa.Hindman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

 Robert Earl Glasper, III   *via U.S. mail*

           s/Kilie Latendresse
           Kilie Latendresse
           Assistant Federal Public Defender
           633 17th Street, Suite 1000
           Denver, CO  80202
           Telephone:  (303) 294-7002
           FAX:  (303) 294-1192
           Kilie_Latendresse@fd.org
           Attorney for Defendant