1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-0365-WJM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT E. GLASPER, III,

Defendant.

------------------------------------------------------------

REPORTER'S TRANSCRIPT
(Change of Plea Hearing)

------------------------------------------------------------

Proceedings before the HONORABLE WILLIAM J. MARTINEZ, Judge, United States District Court for the District of Colorado, commencing at 10:04 a.m., on the 10th day of February, 2022, in Courtroom A801, United States Courthouse, Denver, Colorado.

APPEARANCES

ANDREA L. SURRATT and MELISSA E. HINDMAN, Assistant U.S. Attorneys, 1801 California Street, Suite 1600, Denver, Colorado 80202, appearing for the plaintiff.

STEPHANIE M. SNYDER and KILIE A. LATENDRESSE, Office of the Federal Public Defender, 633 Seventeenth Street, Suite 1000, Denver, Colorado 80202, appearing for the defendant.

MARY J. GEORGE, FCRR, CRR, RMR
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                    P R O C E E D I N G S
 2            (Call to order of the court at 10:04 a.m.)
 3            THE COURT:  We are on the record in criminal case
 4   No. 21-cr-365, the United States of America versus Robert
 5   Earl Glasper, III.  I'll take appearances of counsel.
 6            MS. SURRATT:  Good morning, Your Honor.  Andrea
 7   Surratt and Melissa Hindman for the Government, and with us
 8   at counsel table is new AUSA Alison Connaughty.
 9            THE COURT:  All right.  Good morning to the three
10   of you.  And welcome.
11            MS. CONNAUGHTY:  Thank you.
12            THE COURT:  Ms. Connaughty?
13            MS. CONNAUGHTY:  That's right, Your Honor.  Thank
14   you.
15            THE COURT:  Okay, welcome to my courtroom.  I look
16   forward to having you before me in future hearings.
17            MS. CONNAUGHTY:  Thank you, Your Honor.
18            THE COURT:  For the defendant.
19            MS. SNYDER:  Good morning, Your Honor.  Stephanie
20   Snyder on behalf of Robert Glasper, who is present in
21   custody.  Also with me is co-counsel, Kilie Latendresse,
22   Your Honor.
23            THE COURT:  And another new -- wasn't I just saying
24   this to Ms. Hindman, maybe, I think, or Ms. Snyder -- I
25   can't keep track of all the new additions to both your
```

1  offices.  Welcome -- is it Latendresse?
2              MS. LATENDRESSE:  Latendresse, Your Honor.
3              THE COURT:  Say it again.
4              MS. LATENDRESSE:  Latendresse.
5              THE COURT:  Latendresse.  Welcome.  And, again, I
6  look forward to having you in front of me in future
7  hearings.
8              All right, we're here for a change of plea hearing.
9              Mr. Glasper, will you stand and turn and face my
10 courtroom deputy to administer the oath to you.
11             COURTROOM DEPUTY:  Please raise your right hand for
12 me.
13        (Defendant sworn in)
14             THE COURT:  The record reflects that Mr. Glasper
15 was charged by an indictment dated the 3d of January of last
16 year.  He was arraigned on the following day, at which time
17 he entered a plea of not guilty to Counts 1, 2, and 3 of the
18 indictment.  According to the plea agreement reached between
19 the parties, the defendant wishes to enter a guilty plea to
20 Counts 2 and 3 of the indictment charging obscene or
21 indecent exposure in violation of 49 United States Code
22 Section 46506(2), and simple assault, in violation of 49
23 United States Code Section 46506(1), as well as 18 United
24 States Code Section 113(a)(5), both in special airplane
25 jurisdiction of the United States.

1    I have before me the plea agreement of the parties,
2 which has been labeled as Court Exhibit 1.  Court Exhibit 1
3 is -- has been signed and dated by the defendant, the
4 defendant's attorney, and the Assistant United States
5 Attorney.  Also before me is Court Exhibit 2, the Statement
6 by Defendant in Advance of Plea of Guilty.  This document
7 has been dated and signed by the defendant, as well as the
8 defendant's attorney.
9    Well, this is not going to be our normal change of
10 plea hearing, and this is why:  I'm disturbed by the
11 leniency of the counts to which the parties have agreed that
12 the defendant will plead guilty to.  And specifically I'm
13 troubled by that the plea agreement does not have the
14 defendant plead to Count 1, which I think is the most
15 appropriate count here, which is the sexual contact without
16 permission.
17    The problem for me is that this is a case where the
18 maximum sentence for Count 2 -- let me take a look -- the
19 maximum sentence is 90 days imprisonment.  The maximum
20 sentence for Count 3 is six months imprisonment.  Even if I
21 were to sentence the defendant and reject the recommended
22 sentence that the parties seek of probation, and sentence
23 the defendant to consecutive maximum statutory terms, we're
24 looking at nine months of incarceration for what I don't
25 look at as a case of someone just masturbating in a plane.

1                When I look at this case, this is someone who
2       tormented a victim for over two hours by sexually groping
3       him.  And this victim could not get away for two hours from
4       the flight from California.  And I know that I have -- well,
5       let me get the lawyers to comment on what I've said so far.
6                MS. SURRATT:  Yes, Your Honor.  The Government
7       shares your concern.  We take this case, and all cases on
8       airplanes, seriously where individuals are subjected to the
9       kind of conduct that our victim was subjected to here.  I
10      don't know if the Court has read the initial complaint
11      affidavit in this case.
12               THE COURT:  I have, and I've read the
13      investigator's notes.
14               MS. SURRATT:  So the complaint affidavit, as
15      complaint affidavits are often done, was done quickly,
16      overnight, and in the wake of very hasty interviews of the
17      defendant and victims.  And since then we learned that the
18      butt grabbing described in the complaint happened before the
19      airplane doors closed.  The closing of the airplane doors is
20      what gives us our special aircraft jurisdiction.  So that
21      sexual assault conduct would not be what we could rely on at
22      trial, and so we would have to rely on other sexual assault
23      conduct that, frankly, is more ambiguous than the -- what
24      I'm calling the butt grab.
25               THE COURT:  You -- so you think it's ambiguous for

1  someone in an unwanted fashion to be touching the inner
2  thigh of a fellow passenger?
3          MS. SURRATT: Your Honor, the statutes for Count 1
4  describes with particularity the types of conduct that count
5  for sexual assault. One of them is grabbing the genitalia
6  or buttocks of an individual, whether over or under the
7  clothes, and that's what we originally charged this case by
8  complaint on. It also describes touching of the inner thigh
9  as sexual contact.
10         We think that the defendant did reach his fingers
11 somewhere near the victim's inner thigh and we are -- we do
12 think we would be able to prove it at trial, but it is
13 significantly more ambiguous than an aggressive butt grab
14 that occurred before the airplane doors closed.
15         So one reason the Government entered into this plea
16 agreement is because we had some legal difficulties with
17 some elements of our case, which is, of course, not
18 uncommon. And, again, if we were to go to trial, we would
19 do our best, and we do think we could win, otherwise we
20 wouldn't have indicted the case, but there were some
21 difficulties with our case. That, plus the fact that this
22 is a victim -- and I'm not going to go into in open court
23 some of his prior difficulties and some of the things that
24 make him a pretty vulnerable victim, but the idea of putting
25 this victim on the stand and making him relive this in an

1    open courtroom was something that we had to carefully
2    consider, especially given the legal difficulties with our
3    case.
4            THE COURT:  Is he -- are you telling me that the
5    victim is not willing to be a witness at trial and that's
6    factored into your decision not to attempt to prosecute on
7    Count 1?
8            MS. SURRATT:  I am not saying that, Your Honor.  I
9    do think that if we were to proceed to trial, the victim
10   would testify, and I think he would testify in part because
11   it's the right thing to do.  But in cases with victims, one
12   thing that we always have to consider is the impact that
13   going through the trial process would have on a victim.
14           THE COURT:  Of course.
15           MS. SURRATT:  I'm not saying he's unavailable.  He
16   would be available for trial, but it is part of our duty to
17   consider what it means to put a victim on trial.
18           THE COURT:  I understand.  I fully grasp and
19   empathize with the situation that you're put into.  Can you
20   tell me, at least, is the victim -- or at the time was he a
21   minor or an adult?
22           MS. SURRATT:  He was an adult.  He was
23   approximately the same age as the defendant, Your Honor.
24           THE COURT:  Okay.  All right.  Let me hear from
25   defense counsel.

1  MS. SNYDER: Your Honor, I would agree with the
2  Government's characterization that I think this case
3  presents both complex issues of proof and law. However, I
4  think one thing that was particularly significant to the
5  Government, and one thing that I think would be a reason why
6  the Court should not only accept the agreement reached by
7  the parties but adopt the proposed resolution of the
8  proposed sentence in this case, is that Mr. Glasper has
9  agreed to be under the supervision of the Court for a very
10 extensive period of time, three years. He has also agreed
11 to comply with both sex offender treatment and mental health
12 treatment as special conditions of probation.
13  THE COURT: But he's not going to have to register
14 as a sex offender.
15  MS. SNYDER: Not pursuant to SORNA, Your Honor. I
16 think that the issue is more complex, depending on what
17 state he ultimately resides in. There's a patchwork of laws
18 that govern that, but this is not -- I don't believe the
19 Government believes that this is a registerable offense
20 under SORNA specifically.
21  THE COURT: All right, thank you. Let me -- that
22 was the first thing I wanted to get counsel's reaction and
23 input on.
24  The second is I know I can, because I've done it
25 before, I can reject plea agreements as excessively lenient

1   as being not in the public interest.  I don't know that that
2   gets me anywhere here because if I were to accept the plea
3   and then later reject the plea agreement, there's nothing --
4   given the statutory maximums of 30 days -- or 90 days and
5   six months, it wouldn't advance the needle, from my
6   perspective, in terms of what I'm concerned about.
7           The question that arises is:  Do I have the
8   authority to reject a plea or a proffered plea as opposed to
9   a plea agreement?  I've not done that before.  I've not done
10  the research on that.  I don't know if I have the authority
11  to reject a plea for the same basis that the courts
12  clearly -- other courts have decided, and I have agreed,
13  that I have the authority under Rule 11 -- I think it's
14  11(c) -- to reject a plea agreement, and I can reject a plea
15  agreement.  And if I reject the plea, then the parties
16  either come to a plea agreement on Count 1 or we go to
17  trial.
18          If counsel have any experience with this issue or
19  have anything to opine on that, or give me their -- the
20  benefit of their views on it, I'll hear it now.  But I have
21  a -- well, let me hear from Ms. Surratt first.
22          MS. SURRATT:  I don't know the answer to that
23  question, Your Honor.
24          THE COURT:  All right.  Ms. Snyder.
25          MS. SNYDER:  Your Honor, I have never been in that

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | situation; I cannot provide an answer to the Court.                  |
| 2  |     THE COURT:  Okay.  All right.  So this is what |
| 3  | we're going to do.  I'm -- we're going to continue this              |
| 4  | hearing for a couple of weeks, and my law clerk and I are            |
| 5  | going to research this issue.  And I can tell you now I              |
| 6  | would reject, as against the public interest, a plea                 |
| 7  | agreement on Counts 2 and 3, if I can do so, combined with           |
| 8  | that, reject the plea that comes before that.                        |
| 9  |     And I have to see whether -- if that's a route |
| 10 | that's available to me.  I'm -- I have every intention of            |
| 11 | proceeding in that direction.  If it's not, then I'll just           |
| 12 | have to grin and bear it and then we'll go forward with              |
| 13 | the -- the hearing on the plea agreement as it's set forth.          |
| 14 |     So before we adjourn, is there anything else that |
| 15 | the attorneys wish to tell me?                                       |
| 16 |     MS. SURRATT:  Not from the Government, Your Honor. |
| 17 |     THE COURT:  All right.  Oh, actually, we can't |
| 18 | adjourn without resetting this.  Take out your calendars,            |
| 19 | please.  I'm looking at Friday, February 25th, at 10:00.             |
| 20 | Does that work for the Government?                                   |
| 21 |     MS. SURRATT:  It works for the Government, Your |
| 22 | Honor.                                                               |
| 23 |     THE COURT:  All right.  Does it work for the   |
| 24 | defendant?                                                           |
| 25 |     MS. SNYDER:  It does, Your Honor.             |

1  THE COURT: All right. This hearing is continued
2  until Friday, February 25th, 2022, at 10:00 a.m.
3   All right, is there anything further from the
4  Government at this time?
5   MS. SURRATT: No, Your Honor. Thank you.
6   THE COURT: All right. Anything further from the
7  defendant?
8   MS. SNYDER: No, Your Honor. Thank you.
9   THE COURT: Defendant is remanded to the custody of
10 the United States Marshal. Thank you, that will be all.
11  (Proceedings concluded at 10:18 a.m.)
12         *     *     *     *     *
13          REPORTER'S CERTIFICATE
14  I certify that the foregoing is a correct transcript
15 from the record of proceedings in the above-entitled matter.
16  Dated at Denver, Colorado, this 22d day of February,
17 2022.
18
19
20         *Mary J. George* (signature)
21  _                              _
22           MARY J. GEORGE, FCRR, CRR, RMR
23
24
25