IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-365-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     ROBERT EARL GLASPER III,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Andrea Surratt and Melissa Hindman, Assistant United States Attorneys for the District of Colorado, and the defendant, ROBERT EARL GLASPER III, personally and by counsel, Stephanie Snyder and Kilie Latendresse, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)     plead guilty to Counts Two and Three of the Indictment charging a violation of obscene or indecent exposure, in violation of 49 U.S.C. § 46506(2), and simple assault, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(5), both in the special airplane jurisdiction of the United States;

(2)     waive certain appellate and collateral attack rights, as explained in detail below; and

(3) agree to recommend a probationary sentence of three years, to include the applicable mandatory conditions listed at 18 U.S.C. § 3563(a), as well as conditions requiring the defendant to successfully complete a program of sex offender treatment and abide by all of the rules and regulations of that treatment program, participate in a mental health screening and comply with any treatment conditions imposed, and comply with any accompanying conditions that may be imposed under the supervision of the U.S. Probation Office.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to move to dismiss Count One of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

The government further agrees to recommend a probationary sentence of three years, to include the applicable mandatory conditions listed at 18 U.S.C. § 3563(a), as well as conditions requiring the defendant to successfully complete a program of sex offender treatment and abide by all of the rules and regulations of that treatment program, participate in a mental health screening and comply with any treatment conditions imposed, and comply with any accompanying special conditions under the supervision of the U.S. Probation Office. The parties understand that this agreement is not binding on the Court.

The Government agrees to recommend to the Court that the change of plea shall be followed by an expedited sentencing approximately seven or eight weeks from the change of plea hearing. The Government agrees to ask the Probation Office to prepare a Modified Presentence Report in advance of the sentencing hearing. The parties will ask the court to order this type of report at the change of plea hearing and will agree to

waive the normal Rule 32 objection timeframes to accommodate the expedited process.[1]

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statutes of conviction, 49 U.S.C. §§ 46506(1), (2) and 18 U.S.C. § 113(a)(5), of 90 days' imprisonment and/or 5 years of probation, or

(2) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if the second criteria applies, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

---

[1] After consulting with the U.S. Probation Office regarding this expedited sentencing process, it is our understanding that the Modified Presentence Report will be filed three weeks before the sentencing hearing, and objections will be due two weeks before sentencing. The final version of the report will be filed one week before sentencing.

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Counts Two and Three are as follows:

### Count Two: 49 U.S.C. § 46506(2)

1. The defendant intentionally made "an obscene or indecent exposure of his genitalia or anus, . . . engage[d] in masturbation, or . . . engage[d] in a sexual act . . .",

2. The defendant did the above in public, and

3. While in the special aircraft jurisdiction of the United States

### Count Three: 49 U.S.C. § 46506(1) & 18 U.S.C. § 113(a)(5)

1. The defendant assaulted another by the attempt of an unwanted, offensive touch,

2. While in the special aircraft jurisdiction of the United States

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count Two of the Indictment is not more than 90 days' imprisonment; a maximum term of probation of 5 years; a maximum fine of $5,000, and a $10 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Three of the Indictment is not more than 6 months' imprisonment; a maximum term of probation of 5 years; a maximum fine of $5,000, and a $10 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

Because the parties believe that these are not registration offenses pursuant to the Sex Offender Registration and Notification Act ("SORNA"), the government will not ask the Court to impose federal sex offender registration as a condition of probation or any other component of the defendant's sentence.  Nonetheless, the defendant understands that if the Court or any other authorities later determine that SORNA, a federal law, or any state law requires sex offender registration, any failure by him to comply with these obligations may subject him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law punishable by a fine, imprisonment, or both.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On October 25, 2021, the defendant boarded a Frontier airline flight in Sacramento, California, headed to Denver, Colorado (the "Flight"). The Flight landed in Denver that same day. This was a passenger flight on a civil aircraft operated by Frontier in its commercial passenger fleet and was flown in interstate commerce. While on the Flight, the defendant, who was sitting in a window seat, began repeatedly touching---some of which was sexual in nature---the passenger sitting in the neighboring middle seat (the "Victim"). All of the defendant's contact with the Victim was unwanted and uninvited by the Victim.

After the plane doors had closed and during the flight, the defendant repeatedly held the Victim's hand and touched the Victim's leg without consent. Specifically, the defendant placed his hand on the Victim's leg with the defendant's fingers touching the Victim's inner thigh. The defendant also grabbed the Victim's hand and tried to pull the Victim's hand into the defendant's lap in an attempt to force the Victim to touch the defendant's penis. The Victim resisted moving his hand into the defendant's lap and removed his hand from the defendant's grasp. After the Victim refused to allow the defendant to move his hand, the defendant directed the Victim's attention to the defendant's genitalia, where the defendant had an erect penis visible beneath his

clothing and the defendant made a gesture with his hand to signify masturbation. The defendant then intentionally exposed his penis and masturbated to ejaculation in his seat, in public and in view of other passengers on the Flight.

All of the above-described conduct occurred while the Flight was in the special aircraft jurisdiction of the United States.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. Because, however, Counts Two and Three charge Class B misdemeanors, the Sentencing Guidelines do not apply to the counts of conviction. U.S.S.G. § 1B1.9.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion up to and including imprisonment for the statutory maximum term, regardless of the position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 1/26/22

ROBERT EARL GLASPER III
Defendant

Date: 1/24/22

Stephanie Snyder and Kilie Latendresse
Attorneys for Defendant

Date: 2/10/22

Andrea Surratt and Melissa Hindman
Assistant U.S. Attorneys