IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00365-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT EARL GLASPER, III,

        Defendant.

## JOINT MOTION TO ADVANCE SENTENCING

        Robert Glasper, by and through his undersigned counsel, and the United States, by and through Assistant United States Attorneys Andrea Surratt and Melissa Hindman, hereby respectfully request that the Court advance the sentencing hearing in this case to a date as close to April 25, 2022, as the Court can accommodate. In support of this motion, the parties state the following:

        1.      On February 25, 2022, the Court accepted Mr. Glasper's pleas of guilty to one count of indent exposure in violation of 49 U.S.C. 46506(2), and one count of simple assault in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(5). *See* ECF No. 28. Both of these offenses are class B misdemeanor petty offenses, carrying maximum possible penalties of ninety days and six months respectively. *See* ECF No. 29 (Plea Agreement) at p.5; *see also* 18 U.S.C. § 3559(a) (7) and 18 U.S.C. § 19.

        2.      During the change of plea hearing, the Court denied the parties' request for an expedited Presentence Report ("PSR") and indicated that it wanted a full PSR report

which would take at least eight weeks from the date of the change of plea hearing to prepare.  *See* ECF No. 28.  The Court then scheduled the sentencing hearing for July 22, 2022 at 2:15 p.m.  *Id.*

3. Because counsel for Mr. Glasper raised a concern about whether the scheduled sentencing hearing date fell just outside of the statutory maximum for the charges to which he had pleaded guilty, the Court instructed the parties to file either joint or separate submissions with respect to the sentencing authority of the Court as it pertains to the date of the sentencing hearing.  *Id.*

4. As an initial matter, counsel for Mr. Glasper was incorrect when she said that the currently scheduled sentencing date of July 22, 2022 would be impermissible.  Because Mr. Glasper was taken into custody on these offenses on October 25, 2021, he will have served the six-month statutory maximum penalty for the assault charge as of April 25, 2022 (this coincides with the first date the Court would be able to have a sentencing hearing given the need to complete a full PSR).  However, should the Court decline to adopt the recommendation of the parties for a probationary sentence on the remaining indecent exposure count and instead choose to impose a consecutive term of incarceration of ninety days for that offense, Mr. Glasper could lawfully serve a sentence of imprisonment that would extend until July 24, 2022.  Because July 24th is a Sunday, Mr. Glasper's currently scheduled sentencing date on the preceding Friday is the last date upon which he could be lawfully sentenced in this matter absent his being released prior to the hearing.

5.      At the sentencing hearing in this case, after giving due consideration to the factors set forth in 18 U.S.C. §3553(a), the Court must elect to impose *either* a probationary sentence *or* a period of incarceration pursuant to 18 U.S.C. § 3551(b).[1] *See also* 18 U.S.C. § 3561.  Because a period of post-incarceration supervised release is not authorized for a pretty offense pursuant to 18 U.S.C. § 3583(b)(3), Mr. Glasper's sentence on the simple assault offense will have been fully satisfied by April 25, 2022, because he will have been in custody for the maximum six-month period authorized by law.

6.      If the current sentencing date of July 22, 2022 remains in place, Mr. Glasper would have similarly served 88 days of the 90-day statutory maximum penalty for the indecent exposure offense by the time of his sentencing.  Thus, were the Court to sentence Mr. Glasper to probation on that count and he later violated its terms and conditions, he would be facing a maximum sentence of two days in custody for a probation violation.

7.      Given these constraints and the joint recommendation as to sentence in this matter (ECF No. 29), the parties respectfully submit that the Court should advance the sentencing hearing in this case so that it occurs either on April 25th or as close to that date as is possible given the Court's other obligations.

8.      Government counsel consulted with the United States Probation Office about this matter and, given the considerations set forth above, the probation office also believes that having the sentencing hearing in April would be prudent.  However, to

---

[1] The Court may also impose a fine in addition to either a sentence of incarceration or to a probationary sentence pursuant to 18 U.S.C. § 3551(b).

accommodate an earlier sentencing date, the Probation Office would ask that the parties and the Court waive the timelines set forth in Federal Rule of Criminal Procedure 32 and suggests the following dates:  Presentence Report due to the parties 4/4; Objections filed by 4/11; Probation Office's response and final report to the Court filed by 4/18.

9. Both the government and Mr. Glasper are amenable to this proposed schedule, and agree to waive the timeframes set forth in Rule 32.  Probation and counsel have already scheduled the PSR interview to occur this week, and the parties will work expeditiously to provide Probation and the Court with any necessary materials so that a thorough report can be prepared.

Wherefore, for the above reasons and for any others which may appear to the Court, the parties request that the Court advance the currently scheduled sentencing date to April 25, 2022, or to a date as soon thereafter as is convenient for the Court.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Stephanie Snyder*
Stephanie Snyder
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

5

        *s/ Kilie Latendresse*
        Kilie Latendresse
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Kilie_Latendresse@fd.org
        Attorney for Defendant

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2022, I electronically filed the foregoing **JOINT MOTION TO ADVANCE SENTENCING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, Assistant United States Attorney
Email: Andrea.Surratt@usdoj.gov

Melissa Hindman, Assistant United States Attorney
Email: Melissa.Hindman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Robert Earl Glasper, III    *via U.S. mail*

*s/ Stephanie Snyder*
Stephanie Snyder
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant