IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00365-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ROBERT EARL GLASPER, III,

       Defendant.

_____

**OBJECTION TO PRESENTENCE REPORT**
_____

       Robert Earl Glasper, III, by and through undersigned counsel, respectfully notes a single objection to the Presentence Report ("PSR"). Specifically, Mr. Glasper asserts that he cannot be placed on concurrent terms of probation on each count to which he pleaded guilty (PSR ¶¶ 85-86) because he has already served the maximum allowable term of incarceration that is authorized by law on one of the counts. In support of his objection, Mr. Glasper states as follows:

**I.**      **The length of Mr. Glasper's pretrial detention precludes the imposition of a sentence of probation on both counts.**

       The Presentence Report correctly notes that Mr. Glasper will have spent 233 days in pretrial custody as of the date of his sentencing hearing. *See* PSR, cover page. As the Court knows, the maximum possible penalty for Count Two (indecent exposure) is 90 days of incarceration, and the maximum possible penalty for Count Three (simple assault) is six months of incarceration. PSR ¶ 83. Because these are petty offenses, the Court

cannot impose a period of post-incarceration supervised release.  PSR ¶ 84; 18 U.S.C. § 3583(b)(3).

Mr. Glasper was taken into federal custody on October 25, 2021 (PSR, cover page). He therefore finished serving the six-month statutory maximum penalty for the simple assault charge as of April 25, 2022.  Pursuant to 18 U.S.C. § 3551(b),[1] the Court has the authority to fine Mr. Glasper in addition to sentencing him to jail for Count Three.  *But see* PSR ¶ 82 (noting that Mr. Glasper "does not appear to have the ability to pay a fine").  But the Court cannot now place Mr. Glasper on probation for that offense because he has already served the maximum possible term of incarceration authorized by law.  With respect to Count Three, the Court's statutorily binary choice between imposing either a sentence of probation or a sentence of incarceration has, in essence, been made for it by dint of Mr. Glasper's pretrial detention.  Therefore, because of the amount of time he has already spent in custody, the only permissible sentence on Count Three is six months of incarceration, with credit for six months of time-served.[2]

---

[1] 18 U.S.C. §3551 (emphasis added) provides in pertinent part that:
    (b) An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
        (1) a term of probation as authorized by subchapter B;
        (2) a fine as authorized by subchapter C; **or**
        (3) a term of imprisonment as authorized by subchapter D.
    *A sentence to pay a fine may be imposed in addition to any other sentence*. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

[2] The Court is also required to impose a $10 special assessment on each count of conviction pursuant to 18 U.S.S.C. §3013.  PSR ¶ 88.

**II.  The Court has the authority to place Mr. Glasper on probation on Count Two.**

By contrast, the Court can (and should) lawfully place Mr. Glasper on probation on Count Two.

18 U.S.C. § 3561 provides as follows:

> (a) IN GENERAL.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
> (1) the offense is a Class A or Class B felony and the defendant is an individual;
> (2) the offense is an offense for which probation has been expressly precluded; or
> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Here, there is no bar on the Court imposing a probationary sentence on Count Two and a time-served sentence on Count Three because both offenses are petty offenses as defined by 18 U.S.C. §3559(a)(7)[3] and 18 U.S.C. §19,[4] and thus such a sentence would not run afoul of the prohibition articulated in 18 U.S.C. §3561(a)(3).

Indeed, the only constraint on the Court's sentencing power with respect to Count Two is that, should Mr. Glasper subsequently violate any of the terms of his probation, the maximum total further sentence of imprisonment that he could ever be required to serve after a revocation proceeding would be 39 days.  This is because he will have already spent 51 additional days in custody from the expiration of his sentence on Count Three (i.e. April 25, 2022) by the time of his sentencing hearing.

---

[3] Classifying offenses with maximum penalties of between thirty days and six months as Class B misdemeanors.

[4] Including Class B misdemeanors in the definition of a petty offense.

WHEREFORE, Mr. Glasper respectfully objects to the presentence report insofar as it states that the Court has the authority to impose a probationary sentence on Count Three, because he has already served the maximum sentence of incarceration authorized by law for that offense.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Stephanie Snyder*
Stephanie Snyder
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

*s/ Kilie Latendresse*
Kilie Latendresse
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kilie_Latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, Assistant United States Attorney
Email: Andrea.Surratt@usdoj.gov

Melissa Hindman, Assistant United States Attorney
Email: Melissa.Hindman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Robert Earl Glasper, III    *via U.S. mail*

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

5