IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00365-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT EARL GLASPER, III,

      Defendant.

_____

**SENTENCING STATEMENT**
_____

In accordance with his plea agreement, Robert Earl Glasper, III, through counsel, respectfully requests that this Court sentence him to time served on Count Three of the Indictment and to three years of probation on Count Two, with conditions to include sex offender treatment and a mental health screening and treatment, if necessary. Mr. Glasper further requests that he be allowed to return to his home in Modesto, California upon his release from custody so that he can serve his probation sentence there. In support of this request, Mr. Glasper states the following:

1.      Mr. Glasper knows that there is no excuse for his inappropriate behavior on the flight that day. He regrets his actions and the damage they undoubtedly caused. But as alarming as Mr. Glasper's conduct on the flight to Denver may have been, his criminal history does not include any prior convictions for sexual offenses or crimes involving any sexual misconduct. Because of this, he has never previously been

1

ordered to complete sex offender treatment. A sentence of probation would provide Mr. Glasper with an opportunity to receive such treatment.

2. A rehabilitative sentence is also appropriate in light of the amount of time Mr. Glasper has already spent in custody for this case. At the time of sentencing, Mr. Glasper will have already served the statutory maximum for the assault and almost two-thirds of the statutory maximum for indecent exposure. To the extent the Court feels retributive punishment is needed to address Mr. Glasper's conduct, that goal has already been satisfied.

3. Upon being released from custody, if granted the privilege of probation, Mr. Glasper intends to return home to California. Mr. Glasper has no ties to Colorado whatsoever. He only stopped in Denver because he was supposed to catch a connecting flight to Dallas, where he planned to meet up with family. While Mr. Glasper is willing to comply with whatever conditions of probation that the Court orders, he does not wish to remain in Colorado for any length of time beyond that which is needed to facilitate his arrangements to return to California.  Counsel's understanding is that the Probation Office is *only* recommending a condition requiring him to live at a Residential Reentry Center ("RRC") for up to six months so as to help facilitate his prompt travel back to California if that becomes necessary.

4. Because, most, if not all, sex offender treatment programs require an initial evaluation and a minimum of eighteen months, on average, to complete the treatment program, requiring Mr. Glasper to remain in Colorado for any appreciable length of time would only delay or impede his ability to make progress with treatment. Mr. Glasper

would either have to begin the treatment process in Colorado only to have that treatment interrupted when he returned to California.  Or he would have to wait up to six months to begin treatment.

5. Counsel's understanding is that Mr. Glasper has the ability to travel back to California immediately upon his release if he is permitted to do so. He believes that his jail commissary account has sufficient funds in it so that he could purchase a bus ticket home. And arrangements have been made for him to collect his property, including his identification documents, from law enforcement once he is released.

6. Mr. Glasper hopes to live with his girlfriend and their child upon his release. Although her home has not yet been approved because probation officers were unable to find her address, Mr. Glasper is confident that it will be approved now that probation has received a more detailed description of the location. Further, the dog mentioned in the presentence investigation report does not belong to anyone in the home or living on the property, which has other housing units.

7. Requiring Mr. Glasper to live in an RRC as a condition of probation upon his return to California would also deprive him of his support system once he returns home, as there is no RRC facility in Modesto. Counsel's understanding is that the closest RRC in the Northern District of California is in San Francisco which is nearly 100 miles away from his home. Denying him access to his family by requiring him to live at an RRC that far away would create unnecessary barriers to Mr. Glasper's successful reintegration into his community. Again, to the extent that a short-term placement at an RRC in California might be necessary while his home address is approved, Mr. Glasper asks

3

that the Court make clear in its Order that this condition is intended only to facilitate his prompt return to his residence, and not as a stand-alone condition that must be independently completed.

8. For the foregoing reasons, Mr. Glasper respectfully requests that the Court adopt the recommendation of the parties and sentence him to a term of probation on Count Two, with the rigorous conditions agreed upon by the parties.  He further asks that this Court grant him the best possible opportunity at successfully completing his probation by allowing him to return home to Modesto, California upon his release.

Wherefore, Mr. Glasper respectfully requests that this Court sentence him to time served on Count Three and three years of probation on Count Two, with special conditions to include sex offender and mental health treatment, but that he not be required to reside at an RRC as a condition of probation except if, and only to the extent that, a very short placement becomes necessary in order to facilitate his travel back to California and/or the approval of his proposed residence there.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

4

*s/ Stephanie Snyder*
Stephanie Snyder
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, Assistant United States Attorney
Email: Andrea.Surratt@usdoj.gov

Melissa Hindman, Assistant United States Attorney
Email: Melissa.Hindman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Robert Earl Glasper, III (via U.S. Mail)

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant