IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-365-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT GLASPER,

    Defendant.

---

## GOVERNMENT'S SENTENCING STATEMENT

---

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following sentencing statement with respect to defendant Robert Glasper. For the reasons that follow, the Government respectfully requests that the Court sentence the defendant to three years of probation, with the special conditions outlined in the presentence investigation report.

Facts

On October 25, 2021, the defendant boarded a flight from Sacramento, California, to Denver, Colorado. Almost immediately after boarding, the defendant began repeatedly touching his seatmate (the "Victim"). Although this touching was unwanted, the Victim froze and did not immediately confront the defendant. Throughout the flight, the defendant continued touching the Victim on the Victim's hand, buttocks, and thigh. Ultimately, the defendant attempted to grab the Victim's hand and use the Victim's hand to touch the defendant's crotch area. The Victim refused to touch the defendant's crotch, after which the defendant drew the Victim's attention to his (the

1

defendant's) crotch, where the defendant had an erect penis visible beneath his clothing.  The defendant made a hand motion signifying masturbation and, shortly thereafter, exposed himself on the plane and masturbated to ejaculation in his seat.  The ejaculate was expelled onto the seatback in front of the defendant, and the defendant's DNA was recovered from an airline safety card.  [ECF #33, ¶¶ 10-17].

Though the defendant was charged in this matter for the criminal conduct that occurred on the airplane, the defendant's inappropriate conduct neither started nor ended on the plane.  While at the airport in Sacramento, for instance, the defendant approached a woman who worked in the airport (the "Airport Employee") and asked for her telephone number.  She declined and tried to walk away, but the defendant followed her, made sexually suggestive comments, and ultimately grabbed her buttocks over her clothes.  The Airport Employee told the defendant, in no uncertain terms, that his behavior was unacceptable.  The defendant nevertheless persisted, moving closer to the Airport Employee, until she moved away and left the area.  These interactions between the defendant and the Airport Employee were captured on airport surveillance cameras.  [ECF #33, ¶ 19].

Further, when the defendant first boarded his flight to Denver, he propositioned a fight attendant, asking her if she wanted to join him in the "mile high club," a reference to engaging in sexual activity on the airplane.  He also asked to sit with two other female passengers before retiring to his assigned seat next to the Victim.  [ECF #33, ¶ 13].

After the defendant's arrest in Denver, he was held for one night at the Denver Detention Center.  The defendant's Cellmate that night alleged that the defendant began rubbing his (the Cellmate's) thighs.  The Cellmate moved away from the

defendant and the defendant began to forcibly pull the Cellmate's head to the defendant's crotch.  [ECF #33, ¶ 20].

Finally, while being transported from the Denver Detention Center to the federal courthouse for his initial appearance in this matter, the defendant made inappropriate and sexually suggestive comments to the female FBI agent assisting with the transportation.

## Procedural History

The defendant was charged by criminal complaint and arrested for his sexual assault of the Victim on October 27, 2021. [ECF #3]. He was ordered detained on October 29, 2021, and has been in custody since his arrest. [ECF #10]. The defendant was indicted on November 3, 2021. [ECF #11]. He pled guilty, pursuant to a plea agreement, on February 24, 2022, to obscene or indecent exposure, in violation of 49 U.S.C. § 46506(2), and simple assault, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(5). [ECF #28].

Sentencing is scheduled for June 15, 2022. [ECF #32].

## Application of the 18 U.S.C. § 3553(a) Factors

In the plea agreement, the parties agreed that a sentence of three years' probation, with the special conditions outlined in the presentence investigation report. The Government respectfully requests that the Court impose such a sentence, which would be sufficient but not greater than necessary given the Section 3553(a) factors in this case.

While it is true that the defendant does not have any prior convictions for sexual misconduct, his criminal history is serious and lengthy, and includes numerous

allegations of violence, theft, and weapons offenses. And given the defendant's unrestrained sexual assault rampage the week of October 25, 2021, it is frankly remarkable that the instant conviction is his first of a sexual nature. It is also true that the defendant has led what appears to be a difficult, and troubled, life. No matter the sentence imposed in this case, the defendant will eventually be released back into the community. It is the Government's hope that three years of supervision, including conditions such as mental health treatment and sex offender treatment, will help ensure that the defendant's abhorrent behavior in October 2021 remains an aberration.

      The Probation Office recommends that the defendant's three years of supervision start with six months in an RRC, with an allowance that early discharge may be authorized by the supervising probation officer. [ECF #33-1]. The defendant contends that this condition will, among other things, "deprive [the defendant] of his support system once he returns home." [ECF #36, p. 3]. While the defendant claims he intends to life with his girlfriend once released, it is not clear that this living situation provides such a stable support system as to override the sound judgment of the Probation Office. Among other things, the defendant was living with this girlfriend in October 2021, when he committed the instant offense; the Probation Office in the Eastern District of California was unable to make contact with the girlfriend or inspect her residence and the residence has therefore not even been approved; and the girlfriend—who the defendant describes as the "angry woman"—has previously described the defendant as a "runner." [ECF #33 ¶¶ 41, 46-47]. Accordingly, the Government supports the Probation Office's recommendation that the defendant's term of supervision begin with an RRC.

## Conclusion

The Government respectfully requests that the Court sentence the defendant as agreed in the plea agreement and outlined herein.

Respectfully submitted this 1st day of June, 2022.

                COLE FINEGAN
                Acting United States Attorney

By:    *s/ Andrea Surratt*
        Andrea Surratt
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California St., Suite 1600
        Denver, CO 80202
        Telephone: (303) 454-0100
        e-mail: Andrea.Surratt@usdoj.gov
        Attorney for the Government